J-A17010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JUSTIN RAE HARVEY :
:
Appellant : No. 602 WDA 2024

Appeal from the Judgment of Sentence Entered December 22, 2023
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0000822-2017

BEFORE: McLAUGHLIN, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: September 26, 2025**

Justin Rae Harvey appeals from the judgment of sentence imposed following his convictions for persons not to possess a firearm, firearms not to be carried without a license, resisting arrest, fleeing or attempting to elude a police officer, possession of drug paraphernalia, and possession of a small amount of marijuana.[1] Because Harvey waived all issues on appeal, we affirm.

Harvey was charged with persons not to possess a firearm and related offenses after police officers stopped his vehicle for a traffic violation on January 20, 2017 in Westmoreland County. He proceeded to a non-jury trial in July 2023. The court convicted Harvey of the above offenses, and he was sentenced to five to ten years' incarceration.

---

[1] 18 Pa.C.S.A. §§ 6105(c)(2), 6106(a)(1), 5104, 75 Pa.C.S.A. § 3733(a), 35 P.S. § 780-113(a)(32), and (31), respectively.

On December 31, 2023, Harvey filed a post-sentence motion challenging the sufficiency of the evidence and requesting reconsideration of his sentence. The court denied Harvey's post-sentence motion on April 23, 2024, and Harvey subsequently filed the instant appeal. On June 19, 2024, Harvey filed a counseled concise statement of errors complained of pursuant to Pa.R.A.P. 1925(b), which raised sufficiency of the evidence and weight of the evidence challenges.

On July 31, 2024, Harvey's counsel filed a motion to withdraw as counsel in this Court. On August 2, 2024, we permitted counsel to withdraw. **See** Order, 8/2/24. We further ordered the trial court to conduct an on-the-record inquiry to determine whether Harvey wished to proceed with appointed substitute counsel or *pro se*. **See id.** If Harvey wished to proceed *pro se*, we directed the trial court to hold a **Grazier**[2] hearing to determine whether his waiver of counsel was knowing, intelligent, and voluntary. **See id.** The trial court complied with our directive and conducted a **Grazier** hearing, in which Harvey stated that he wished to proceed *pro se* and the court found that his wavier of counsel was knowing, intelligent, and voluntary. **See** Trial Court Response to Order, filed 9/26/24.

In his *pro se* brief, Harvey raises the following issues on appeal:

1. Did the law enforcement officers violate Justin Rae Harvey's constitutional right against unreasonable search and seizure when the law enforcement officer [] required

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998)

> him to exit the vehicle on (initial Traffic Stop for Careless Driving) when this was the rea[son] he made the stop?
>
> 2. Did law enforcement officers violate Justin Rae Harvey['s] constitutional right against unreasonable search and seizure when the arresting officers search[ed] the pockets of his clothing?
>
> 3. Did the arresting officers['] actions seen on local news channels []"2/4/ & 11[]" assaulting Justin Rae Harvey, constitute a violation of the law of "fruit of poisonous tree", as a result of the original wrongful assertion of authority?

Harvey's Br. at II (answers omitted). In a subsequent section of his brief, Harvey claims counsel was ineffective. **See id.** at 1-13. In sum, he argues two claims on appeal: (1) unreasonable search and seizure, and (2) ineffective assistance of counsel.

We do not reach the merits of Harvey's claims since we find that the claims are waived. Harvey did not raise these claims in the trial court so the court did not address them. Instead, Harvey, through counsel, raised only challenges to the sufficiency of the evidence and weight of the evidence. Harvey elected to proceed *pro se* and has abandoned those claims on appeal. He raises in this appeal for the first time a suppression claim and ineffective assistance of counsel claim. "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); **see also** Pa.R.A.P. 1925(b)(4)(vii) (providing that issues not included in the concise statement are waived). Further, Harvey cannot raise an ineffectiveness claim on direct appeal. **See Commonwealth v. Holmes**, 79 A.3d 562, 563-64 (Pa. 2013) (providing that, with limited exceptions not applicable here, a court

- 3 -

cannot review ineffective assistance of counsel claims on direct appeal). Rather, ineffectiveness claims are deferred for collateral review under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. *Id.* at 576.

Judgment of sentence affirmed. Application for relief denied.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  09/26/2025